UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00142-FDW-DSC

| | |
|---|---|
| CRAIG BRYSON and LAURA BRYSON, | )<br>)<br>) |
| Plaintiffs, | ) ORDER |
| vs. | ) |
| UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., and CONNEXTIONS, INC., | ) |
| Defendants. | ) |

THIS MATTER is before the Court on Defendants' United Healthcare Insurance Company, United Healthcare Services, Inc. and Connextions, Inc. ("Defendants'") Motion to Dismiss Portion of Plaintiffs' Amended Complaint (Doc. No. 17) and Defendants' Motion to Strike Plaintiffs' Claims for Non-ERISA Damages, Attorney Fees and Demand for Jury Trial (Doc. No. 19). For the reasons stated below, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part and Defendants' Motion to Strike is DENIED.

I. BACKGROUND

Plaintiff filed the instant action in the Mecklenburg County Superior Court alleging numerous causes of action arising out of Defendants' refusal to pay $82,419.24 in medical expenses incurred by Plaintiff Craig Bryson during a time in which he was employed by Defendant Connextions and was the named insured under a health insurance policy (the "Policy") with Defendant United Healthcare. (Doc. No. 1-1, ¶¶ 7-8, 11-12). On April 1, 2015, Defendants

1

removed the case to this Court, and on April 23, 2015, Plaintiffs filed an Amended Complaint. (Doc. Nos. 1, 15). Plaintiffs assert ten causes of action, including numerous state law claims. (Doc. No. 15). Defendants seek dismissal of all of Plaintiffs' state law claims: (1) breach of contract (First Cause of Action); (2) unfair and deceptive trade practices (Second Cause of Action); (3) negligence (Third Cause of Action); (4) breach of implied covenant of good faith and fair dealing (Fourth Cause of Action); (5) common law bad faith claim (Fifth Cause of Action); and (6) punitive damages (Sixth Cause of Action). (Doc. No. 17). Additionally, Defendants seek dismissal of Plaintiffs' claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") (Eighth Cause of Action) and violation of administrative remedies under ERISA (Ninth Cause of Action). Id. Finally, Defendants move the Court to strike Plaintiffs' claims for non-ERISA damages, attorneys' fees and demand for jury trial from the Amended Complaint. (Doc. No. 19).

## II. ANALYSIS

### a. Motion to Dismiss

#### i. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the 'legal sufficiency of the complaint' but 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Clark v. O'Rourke, 2011 WL 1400429, at *2, *adopted*, WL 1399803 (W.D.N.C. 2011) (quoting Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000)). In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a "complaint must contain sufficient factual material, accepted as true, to 'state a claim

2

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 175, 180 (4th Cir. 2000).

### ii. Plaintiffs' State Law Claims (First, Second, Third, Fourth, Fifth and Sixth Causes of Action)

Apart from their ERISA-based claims, Plaintiffs assert the numerous causes of action based on state law listed above. Defendants contend that, because the employee benefit plan at issue in this matter (the "Plan") is governed by ERISA, Plaintiffs' state law claims are preempted. (Doc. No. 18, p. 1). Defendants argue that ERISA preempts state law claims that have a connection with or reference to an employee benefit plan. Id. Based on these assertions, Defendants seek dismissal of these causes of action.

Plaintiffs argue that their state law claims should not be dismissed because, with respect to *Mrs.* Bryson's state law claims, *Mrs.* Bryson was not a participant or beneficiary of the Policy, and therefore, the Policy should not be construed as an "employee benefit plan" as applied to her. (Doc. No. 23, p. 3). Accordingly, Plaintiff's assert that *Mrs.* Bryson's state law claims fall outside the scope of ERISA's preemption clause. Id. Additionally with respect to *Mr.* Bryson's state law claims, Plaintiffs argue that an issue of fact remains as to whether the Plan is fully funded or

3

partially insured, and consequently, whether the Plan is covered by ERISA such that *Mr.* Bryson's state law claims would be preempted.  Id. at p. 5.

"With few exceptions, ERISA applies to all employee benefit plans established or maintained by an employer engaged in commerce."  Moore v. Life Ins. Co. of N.A., 278 Fed. Appx. 238, 239-40 (4th Cir. 2008) (citing 29 U.S.C.A. § 1003(a) (West 1999 & Supp. 2007)).  The Fourth Circuit has held that for ERISA to apply, "there must be (1) a plan, fund or program, (2) established or maintained, (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries."  Id. at 240 (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 417 (4th Cir. 1993)).  Additionally, with respect to the issue of ERISA's preemption provisions, "the Fourth Circuit has held that '[a] state-law claim 'relates to' an ERISA plan … 'if it has a connection or reference to such a plan.'"  Thomas v. Hartford Life & Acc. Ins. Co., 2003 WL 22466198, at *4 (W.D.N.C. Sept. 3, 2003) (quoting Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (internal quotation omitted)).  This Court has clarified that "[i]f a state law, or cause of action, would affect relations between the plan entities or impact the administration of a plan, it is preempted."  Id. (quoting Strategic Outsourcing, Inc. v. Commerce Benefits Group Agency, Inc., 54 F. Supp. 2d 566, 571 (W.D.N.C. 1999)).

The Court finds that the Complaint contains sufficient factual material, which, if true, may support Plaintiffs' claims that the Plan is not covered by ERISA.  Therefore, the Court finds that it is premature to dismiss Plaintiffs' state law claims based on Defendants' preemption arguments.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' state law claims (Plaintiffs' First, Second, Third, Fourth, Fifth and Sixth Causes of Action) is DENIED without prejudice.  Defendants are free to reassert their preemption arguments again at summary judgment.

### iii. Plaintiffs' Claim for Breach of Fiduciary Duty under ERISA, 29 U.S.C. § 1104 (Eighth Cause of Action)

Within their "ERISA Causes of Action," Plaintiffs assert that Defendants had a fiduciary obligation to Mr. Bryson, that they breached this fiduciary duty, and that such breach directly and proximately caused damages incurred by Mr. Bryson. (Doc. No. 15, ¶¶ 65-67). As a result, Mr. Bryson seeks to recover benefits allegedly due to him under the terms of the Plan, including payment of medical expenses, judgment and related damages. (Doc. No. 15, ¶ 68). Defendants concede that "ERISA's civil enforcement provisions authorize plan participants or beneficiaries to file civil actions to remedy breaches of fiduciary duty." (Doc. No. 18, p. 8). However, Defendants contend that any recovery for such action "must be for the plan as a whole rather than for individual participants." Id. at pp. 8-9. Accordingly, because Defendants assert that "Plaintiffs specifically seek recovery of benefits allegedly due to them under the terms of the plan," they argue that Plaintiffs' claim for breach of fiduciary duty should be dismissed. Id. at p. 9. Defendants' argue further that because Plaintiffs have stipulated that the relief requested in their breach of fiduciary claim is included in another cause of action, the Court should dismiss the claim. (Doc. No. 25, p. 5).

The Fourth Circuit has held that "[i]ndividualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions." Korotynska v. Metropolitan Life Ins. Co., 474 F.3d 101, 102 (4th Cir. 2006) (citing Varity Corp. v. Howe, 516 U.S. 489, 515 (1996))." Accordingly, where Plaintiffs seek remedies available under 29 U.S.C. § 1132(a)(3), and where adequate relief is available for Plaintiffs' injury through review of Mr. Bryson's individual benefits claim under § 1132(a)(1)(B), the form of relief requested by Plaintiffs is not available under ERISA. See id. at 102-03. Accordingly, Defendants'

Motion to Dismiss Plaintiffs' Breach of Fiduciary Duty under ERISA (Eighth Cause of Action) is GRANTED.

### iv. Plaintiffs' Claim for Violation of Administrative Remedies Under ERISA, 29 U.S.C. § 1133 (Ninth Cause of Action)

Plaintiffs contend that Defendants violated ERISA's requirements that employee benefit plans "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied" and that such plans "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." (Doc. No. 15, ¶¶ 70, 72). Based on these allegations, Plaintiffs argue that "Defendants' denial of administrative remedies was a direct and proximate cause of Mr. Bryson's Judgment damages," and Plaintiffs "seek[] to recover the benefits due to him under the terms of his plan, including payment of Medical Expenses, Judgment, and related damages." Id. at ¶¶ 75, 76. In seeking dismissal of this cause of action, Defendants argue that 29 U.S.C. § 1133, the statutory provision relied upon by Plaintiffs, "does not provide for a separate cause of action for a violation of administrative remedies." (Doc. No. 18, p. 9).

The Court agrees with Defendants on this matter. The Fourth Circuit has held that "Section 502(a) provides the exclusive statement of civil actions available under ERISA to the Secretary of Labor, participants, beneficiaries, and fiduciaries." Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc., 102 F.3d 712, 714 (4th Cir. 1996) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987)). Accordingly, Plaintiffs' cause of action brought under 29 U.S.C. § 1133(a) is not valid and Defendants' Motion to Dismiss this claim (Ninth Cause of Action) is GRANTED.

### b. Motion to Strike

Defendants "move this Court for entry of an Order striking Plaintiffs' claims for non-ERISA damages, attorneys' fees and demand for jury trial from the Amended Complaint." (Doc. No. 19). Defendants' arguments in support of their Motion to Strike are based on their assertions that ERISA preempts Plaintiffs' state law claims in this matter. (Doc. No. 20, p. 1).

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is timely if made by a party before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Plaintiffs filed their Amended Complaint on April 23, 2015. On May 7, 2015, Defendants filed their Motion to Strike prior to filing their Answer to the Amended Complaint. Therefore, Defendants' motion is timely.

"Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original); Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)).

Based on the Court's decision above denying Defendants' Motion to Dismiss Plaintiffs' state law claims, the Court finds that resolution of the arguments in Defendants' Motion to Strike Plaintiffs' claims for non-ERISA damages, attorney fees and demand for jury trial is not appropriate at this time. Accordingly, Defendants' Motion to Strike is DENIED.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Portion of Plaintiffs' Amended Complaint (Doc. No. 17) is GRANTED in part and DENIED in part. Specifically, with respect to Plaintiffs' state law claims (Plaintiffs' First, Second, Third, Fourth, Fifth and Sixth Causes of Action), Defendants' Motion to Dismiss is DENIED *without prejudice*. With respect to Plaintiffs' claim for Breach of Fiduciary Duty under ERISA (Eighth Cause of Action), Defendants' Motion to Dismiss is GRANTED. With respect to Plaintiffs' Claim for Violation of Administrative Remedies Under ERISA (Ninth Cause of Action), Defendants' Motion to Dismiss is GRANTED. Finally, Defendants' Motion to Strike is DENIED.

IT IS SO ORDERED.

Signed: July 1, 2015

Frank D. Whitney
Chief United States District Judge